Kate E. Juvinall [Bar No. 315659]
*kate.juvinall@huschblackwell.com*
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112-2551
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

Attorneys for Defendant Charter Communications, Inc.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STACY DESMOND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC. and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No.: **'19CV2392 AJB MDD**<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Charter Communications, Inc. ("Charter") invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1332(a), 1367, 1441(a) and (b), and 1446, and removes this action from the Superior Court of the State of California for the County of San Diego. As grounds for removal, Charter states as follows:

## I. PROCEDURAL BACKGROUND

1. On November 7, 2019, Plaintiff filed a civil complaint against Charter in the Superior Court of the State of California for the County of San Diego entitled *Stacy Desmond v. Charter Communications, Inc., et al.*, Case No. 37-2019-00054306-CU-WT-CTL.

2. The Superior Court for the County of San Diego issued a Summons on November 8, 2019. Plaintiff then served a copy of the Summons, Complaint, and the other related court documents on Charter on November 12, 2019. As required by 28 U.S.C. § 1446(a), copies of the Summons, Complaint, and other related court documents served upon Charter, which constitute all the process, pleadings, and orders served upon Charter in this case to date, are attached as Exhibit A. The Complaint is included at pages 2 through 40 of Exhibit A, and will be referred to throughout as the "Complaint."

3. In the Complaint, Plaintiff alleges fifteen causes of action relating to her former employment with Charter: (1) breach of implied contract; (2) failure to provide minimum wages under the California Labor Code ("Labor Code") § 1194; (3) wrongful termination in violation of public policy; (4) retaliation in violation of the California Government Code ("Gov't Code") § 12940(h); (5) failure to prevent discrimination and retaliation under Gov't Code § 12940(k); (6) age discrimination in violation of Gov't Code § 12941; (7) gender discrimination in violation of Gov't Code § 12940(a); (8) intentional infliction of emotion distress; (9) negligent

2
NOTICE OF REMOVAL

DocID: 4821-3476-1645.1

infliction of emotional distress; (10) defamation; (11) harassment in violation of Gov't Code § 12940(j); (12) retaliation in violation of the California Family Rights Act ("CFRA"), Gov't Code § 12945.2(a), and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615; (13) violation of the California Business and Professions Code ("Business Code") § 17200, *et seq.*; (14) violation of the Unruh Civil Rights Act ("Unruh"), California Civil Code § 52; and (15) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

4. Charter filed an answer to Plaintiff's Complaint in the San Diego Superior Court.[1]

5. This Notice of Removal is timely under 28 U.S.C. §1446(b) because less than thirty (30) days have elapsed since the service date of the initial pleading on Charter, and this Notice of Removal was filed less than one year after commencement of this action.

6. As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that Charter will give written notice of the removal to Plaintiff's counsel and the Clerk of the San Diego County Superior Court.

7. Venue for this action lies in the United States District Court for the Southern District of California under 28 U.S.C. § 1441 because it is the judicial district in which the action was filed and where the case is pending.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION

8. In cases brought in a State court of which the district courts of the United States have original jurisdiction, defendants may remove the action to federal court. 28 U.S.C. § 1441(a); *Proctor v. Helena Agri-Enterprises, LLC*, No. 18-CV-2832 JLS (NLS), 2019 WL 1923091, at *1 (S.D. Cal. Apr. 30, 2019); *see*

---

[1] Charter has not yet received a conformed copy of the filing from the San Diego Superior Court. When it does, it will promptly supplement the state court file, which is attached as Exhibit A.

*also Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005) ("[Defendant] was entitled to remove the [action] if [Plaintiff] could have brought it in federal district court originally, 28 U.S.C. § 1441(a)[.]").

9. Section 1441 provides two bases for removal: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. § 1441; *Proctor*, 2019 WL 1923091, at *1.

10. Removal is proper in this case because both federal question and diversity jurisdiction exist.

**A. FEDERAL QUESTION JURISDICTION EXISTS**

11. Because Plaintiff has asserted two federal claims against Charter, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367, and Charter is entitled to remove this case pursuant to 28 U.S.C. § 1441(a).

**1. This Court Has Jurisdiction Over Plaintiff's Federal Law Claims**

12. Pursuant to 28 U.S.C. § 1331, federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Grable*, 545 U.S. at 312; *Proctor*, 2019 WL 1923091, at *1.

13. In this case, Plaintiff alleges violations of, and seeks relief under, the FMLA and ADA. *See* Compl., at 1, 31-32, 35-36. Consequently, this action arises, at least in part, under federal law. *See Grable*, 545 U.S. at 312 (federal-question jurisdiction under § 1331 is invoked, by and large, by plaintiffs pleading a cause of action created by federal law).

14. Because Plaintiff asserts claims arising under federal law, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

**2. This Court Has Jurisdiction Over Plaintiff's Remaining Claims**

15. Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims that form part of the same case or

DocID: 4821-3476-1645.1

controversy. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]").

16. State law claims form part of the same case or controversy when they share a common nucleus of operative fact with the federal claims and would normally be tried together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

17. Here, Plaintiff's state law claims clearly share a common nucleus of operative fact with Plaintiff's federal claims.[2] Each of Plaintiff's claims pertains to her employment with Charter. *See generally* Compl. That Plaintiff's state law claims share a common nucleus of operative fact is evidenced by the fact that Plaintiff brought one lawsuit in which she includes a single section of "Factual Allegations," which necessarily includes the factual allegations forming the basis of each of the claims alleged by Plaintiff in the Complaint. Further, under <u>each</u> additional cause of action alleged in the Complaint, Plaintiff specifically incorporates by reference each and every allegation made in the Complaint as if the allegations are fully set forth under each cause of action. *See* Compl. ¶¶ 73, 91, 70, 84, 86, 96, 109, 117, 125, 140, 152, 165, 170, 179.

18. As such, Plaintiff's state law claims form part of the same case or controversy as her federal law claims. Accordingly, Plaintiff could have brought

---

[2] To the extent Plaintiff's remaining state law claims "arise under" federal law, this Court has original jurisdiction over those claims. The Supreme Court has held that federal question jurisdiction exists over state law claims, which necessarily raise disputed and substantial federal issues, that a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314. Here, a number of Plaintiff's state law claims raise disputed and substantial federal issues, as they are based upon alleged violations of federal law and/or upon Plaintiff's alleged complaints of Charter's noncompliance with federal law. *See generally* Compl.

5
NOTICE OF REMOVAL

this action in federal court originally and Charter is entitled to remove the case. *See Grable*, 545 U.S. at 312.

## B. **DIVERSITY JURISDICTION EXISTS**

19. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed under 28 U.S.C. § 1441(b).

20. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### 1. **The Parties Are Citizens of Different States**

21. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

22. Upon information and belief, and at all times relevant to this action, Plaintiff has been a resident of California. *See* Exhibit A, Compl., ¶ 1. Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of California.

23. For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

24. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

25. At the time of the commencement of this action, and at all relevant times, Charter is and has been a corporation incorporated in the State of Delaware. *See* Exhibit B, Declaration of Kasei C. Reed ("Reed Decl."), ¶ 4.

26. Charter's home office is located in Stamford, Connecticut, where its high level officers direct, control, and coordinate Charter's activities. *See* Exhibit

DocID: 4821-3476-1645.1

B, Reed Decl., ¶ 4. Accordingly, Charter's principal place of business is in Stamford, Connecticut.

27. As a result, Charter is a citizen of Delaware and Connecticut for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441.

28. Because Plaintiff is a citizen of California and Charter is a citizen of Delaware and Connecticut, there is complete diversity for purposes of 28 U.S.C. § 1332(a)(1).

## 2. The Amount In Controversy Requirement Is Satisfied

29. A court determines the jurisdictional amount based on the relief sought in the complaint. The federal diversity jurisdiction statute, 28 U.S.C. §1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

30. While Charter denies Plaintiff's factual allegations and denies that she is entitled to any of the relief for which she has prayed, it is clear from the face of the Complaint that Plaintiff has put into controversy an amount in excess of $75,000, exclusive of interest and cost.[3]

31. The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Trujillo & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

32. Throughout her Complaint, Plaintiff alleges she has been damaged in an amount in excess of $100,000, and in her Prayer for relief, she specifically requests relief in excess of $100,000 and seeks damages for past and future lost

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue in Plaintiff's Complaint. Charter's reference to specific damages amounts are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of $75,000. Charter maintains that all of Plaintiff's claims are without merit and that Charter is not liable to Plaintiff.

7
NOTICE OF REMOVAL
DocID: 4821-3476-1645.1

earnings, physical and mental pain, personal property damage, exemplary damages, attorney's fees, injunctive relief, restitution or disgorgement of money or property unfairly obtained, civil penalties, and liquidated damages. Compl., at 37, Prayer for Relief, ¶¶ 1-10.

33. Indeed, although Charter denies Plaintiff is entitled to any relief whatsoever, Plaintiff's Complaint purports to place at least $390,000 at stake. *See* Compl., at 11, ¶ 90 (as a result of breaching an implied contract as alleged in Count I, Plaintiff has been damaged substantially in excess of $100,000), at 14, ¶ 68 (as a result of the wage violations alleged in Count II, Plaintiff has been substantially damaged in excess of $100,000), at 28, ¶ 137 (as a result of the alleged defamatory statements made as set forth in Count X, Plaintiff has been damaged substantially in excess of $25,000), at 30, ¶ 149 (as a result of alleged harassment, Plaintiff has been damaged substantially in excess of $25,000), at 32, ¶ 162 (as a result of alleged conduct in violation of the CFRA and/or the FMLA, Plaintiff has been damaged substantially in excess of $25,000), at 33, ¶ 167 (as a result of various alleged violations of the Business Code, Plaintiff has been damaged substantially in excess of $25,000), at 34, ¶ 176 (as a result of Unruh violations, Plaintiff has been damaged substantially in excess of $25,000), at 35, ¶ 188 (as a result of various violations of the ADA, Plaintiff has been substantially damaged in excess of $25,000); *see also Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (considering $10,000 in potential punitive damages and $30,000 in attorneys' fees as "conservative estimates" in determining the amount in controversy for purposes of establishing diversity jurisdiction in a disability discrimination case).

34. Based on the allegations and claims set forth in Plaintiff's Complaint, the amount in controversy in this litigation is far greater than $75,000, and therefore, exceeds the jurisdictional threshold.

8
NOTICE OF REMOVAL

DocID: 4821-3476-1645.1

### III. **CONCLUSION**

35. This case is properly removed because the Complaint asserts claims arising under federal law and this Court has supplemental jurisdiction over the remaining state law claims, as each of Plaintiff's claims form part of the same case or controversy. For those reasons, this case is properly removed under 28 U.S.C. §§ 1331, 1367, and 1441.

36. Additionally, the parties are completely diverse and Plaintiff's claims place more than $75,000.00 in controversy. For those reasons, this case is properly removed to this Court under 28 U.S.C. §§ 1332(a) and 1441.

37. In the event this Court has a question regarding the propriety of this Notice of Removal, Charter requests that the Court issue an Order to Show Cause so that Charter may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: December 12, 2019

Respectfully submitted,
HUSCH BLACKWELL LLP

By: /s/ Kate E. Juvinall
KATE E. JUVINALL

Attorney for Defendant Charter Communications, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 12th day of December, 2019, the foregoing was filed with the Court via the Court's CM/ECF System and was served via first-class U.S. Mail, upon the following:

Kevin L. Mirch
Mirch Law Firm, LLP
750 B. St., Suite 2500
San Diego, CA 92101
Attorney for Plaintiff

/s/ Kate E. Juvinall
Attorney for Defendant Charter Communications, Inc.